J-S59018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THORNTON SAVAGE, | : | |
| | : | |
| Appellant | : | No. 2332 EDA 2016 |

Appeal from the PCRA Order June 28, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1210952-1985

BEFORE: GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY LAZARUS, J.: **FILED NOVEMBER 21, 2018**

Thornton Savage appeals from the order, entered in the Court of Common Pleas of Philadelphia County, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After review, we affirm.

The trial court summarized the factual and procedural history of this case as follows:

> On November 10, 1985, [Savage] argued with sixteen [] year[-]old Lamont Poller inside a bar [] in Philadelphia. The argument spilled into the street, and [Savage] shot Poller in the back as the unarmed victim ran away. [] [F]ollowing a jury trial, [Savage] was convicted of first[-]degree murder and related offenses, and sentenced to life in prison without the possibility of parole. The Superior Court [] affirmed [Savage's] judgment of sentence on December 19, 1989. On January 17, 1992, the Supreme Court affirmed said judgment, and denied re-argument on May 15, 1992.

On April 16, 2015, [Savage] filed his sixth [PCRA] [p]etition[.] . . . [Savage] claims entitlement to relief based on the racial composition of his jury.[1]

Trial Court Opinion, 6/6/17, 1-2.

Savage amended the instant PCRA petition three times on March 10, 2016, April 18, 2016 and April 26, 2016.[2]  On June 28, 2016, the PCRA court dismissed Savage's sixth PCRA petition.  Savage filed a timely notice of appeal on July 8, 2016.  Both Savage and the trial court have complied with Pa.R.A.P. 1925.  On appeal, Savage raises the following issues for our review:

1. Whether the PCRA court erred when it failed to analyze [] new evidence related to [] Savage's **Batson** claim, but instead, wrongfully concluded that [] [his] [**Batson**] claim was previously litigated, and therefore, untimely?

2. Whether the PCRA court erred when it based its decision to dismiss [] Savage's PCRA petition, in part, on statements taken out of context in this Court's 2014 Opinion . . . affirming the dismissal of [] Savage's untimely PCRA petition?

3. Whether the PCRA court erred in holding that [] Savage's petition was untimely filed under the newly-discovered evidence and government interference exceptions to the PCRA time bar?

4. Whether [] Savage's conviction should be vacated because of Jack McMahon's racially discriminatory jury selection?

5. Whether the PCRA court erred in dismissing [] Savage's petition without holding an evidentiary hearing[?]

---

[1] Savage premises his argument on the rule announced in **Batson v. Kentucky**, 476 U.S. 79 (1986).  Savage raised a **Batson** claim in several previous PCRA petitions, all of which the PCRA court dismissed.  This is at least the third time Savage has sought PCRA relief through a **Batson** claim.

[2] Savage avers that he became aware of the discovery of *voir dire* sheets on April 15, 2015.

Brief of Appellant, at 3-4.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." *Commonwealth v. Wilson*, 824 A.2d 331, 333 (Pa. Super. 2003) (en banc) (citation omitted). Before addressing the merits of Savage's claims, our Supreme Court has required this Court to examine whether we have jurisdiction to entertain the underlying PCRA petition. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999). A PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim could have been presented." *Commonwealth v. Copenhefer*, 941 A.2d 646, 648 (Pa. 2007) (internal citations and footnote omitted).

> Jurisdictional time limits go to a court's right or competency to adjudicate a controversy. These limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits. Unlike a statute of limitations, a jurisdictional time limitation is not subject to equitable principles such as tolling except as provided by statute. Thus, the filing period is only extended as permitted; *in the case of the PCRA, the time limitations are extended upon satisfaction of the exceptions found in § 9545(b)(1)(i)-(iii) and timely filing pursuant to (b)(2)*. As it has been established that the PCRA's time restrictions are jurisdictional, we hold that the period for filing a PCRA petition is not subject to the doctrine of equitable tolling, save to the extent the doctrine is embraced by § 9545(b)(1)(i)-(iii).

*Fahy*, 737 A.2d at 222 (citations omitted) (emphasis added).

Instantly, we review whether the PCRA court erred by holding Savage's sixth PCRA petition was untimely. *See* 42 Pa.C.S.A. § 9545(b)(1); *Fahy*, 737 A.2d at 222. Savage's judgment of sentence became final on or about August 15, 1992, ninety days after our Supreme Court denied re-argument. U.S. Sup. Ct. Rule 13; *Commonwealth v. Owens*, 718 A.2d 330, 331 (Pa. Super. 1998) (conviction become final after Pennsylvania Supreme Court denies *allocatur* and time for seeking certiorari in United States Supreme Court expires). Savage filed the instant PCRA petition almost twenty-three years later. Thus, this Court must discern whether the PCRA court erred by holding Savage did not plead or prove either the government interference or newly-discovered evidence timeliness exception. Trial Court Opinion, 6/6/17, at 5. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii); *Copenhefer*, 941 A.2d at 648.

> The three timeliness exceptions are:
>
> (i) The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Savage avers that the PCRA court erred in holding that he filed his petition late. Specifically, Savage argues that newly-discovered facts related to his *voir dire* proceeding support his claim that the government interfered with his attempt to prove his **Batson** claim. In effect, Savage raises two time-bar exceptions, which intertwine with one another.

In order to meet the statutory requirements of the "governmental interference" exception to the PCRA's one[-]year jurisdictional time-bar, [an appellant is] required to plead and prove that his "failure to raise the claim [or claims] previously was the result of interference by government officials with the presentation of the claim [or claims] in violation of the Constitution or law of this Commonwealth or the Constitution or laws of the United States[.]" 42 Pa.C.S.A. § 9545(b)(1)(i).

In order to meet the requirement of the newly-discovered facts exception, "a petitioner must allege and prove that there were 'facts' that were 'unknown' to him and that he exercised 'due diligence.'" **Commonwealth v. Bennett**, 930 A.2d 1264, 1270 (Pa. 2007) (footnote omitted). In other words, "a petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence." **Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015). This rule is strictly enforced. **Id.** "If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection." **Id.** at 1272. "**The focus of the exception is on the newly-discovered facts, not on a newly-discovered or newly-willing source for**

*previously known facts*." ***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008) (quotation marks and citation omitted) (emphasis added).

In ***Commonwealth v. Brown***, this Court discussed, in greater detail, the exception set forth in section 9545(b)(1)(ii):

> The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. ***Bennett***, [] 930 A.2d at 1270. "This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of 'after-discovered evidence.'" ***Id.*** **Rather, as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts**. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(ii); ***Bennett***, *supra*. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim. In other words, the "new facts" exception at:
>
> > [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.
>
> ***Bennett***, [] 930 A.2d at 1272 (internal citations omitted) (emphasis in original). Thus, the "new facts" exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim. ***Id.*** at 395.

***Brown***, *supra* at 176-177 (emphasis added).

Here, Savage argues that he is entitled to relief based on an alleged violation of ***Batson***, when then-Assistant District Attorney Jack McMahon used peremptory challenges to strike a black venire person, resulting in an all-white

jury. Savage also argues that he is entitled to relief based on the newly-discovered fact that there was "governmental interference" in obtaining the transcripts from his *voir dire* proceeding. **See** 42 Pa.C.S.A. § 9545(b)(1)(i). Specifically, Savage argues that *voir dire* sheets recovered from his co-defendant's case file and an affidavit prepared by the Deputy Court Administrator for the First Judicial District of Pennsylvania constitute newly-discovered facts that also demonstrates governmental interference. The relevant inquiry here is whether the *voir dire* sheets and affidavit evidence newly-discovered facts or are just new sources for previously known facts.

Savage first alleges that the Court Reporter covered up the loss of his *voir dire* transcripts; as evidence of this, Savage cites a letter he received on July 26, 2000. The letter purportedly states that his *voir dire* hearing was never transcribed; Savage characterizes that assertion as an intentional lie. To meet the newly-discovered fact exception, Savage now presents an affidavit prepared by the Deputy Court Administrator of Philadelphia County. Savage avers that the affidavit "flat out disputes the contents of the [July 26, 2000] letter and uncovers an intentional lie told to Mr. Savage by the Court Reporter's Office." Brief of Appellant, at 6. In short, Savage argues that the affidavit evidences governmental interference.

However, the affidavit prepared by the Deputy Court Administrator belies Savage's assertion that it evidences government interference. Specifically, the affidavit states, "it is inconceivable that any senior staff would have sent or authorized the sending of the '2000 Letter.'" Deputy Court

Administrator Affidavit, 4/25/16, at 1. The affidavit goes on to suggest that the 2000 Letter's suggestion that *voir dire* was not recorded by a court reporter is inaccurate; "[t]he docket reflects that Beverly Lawson[] was the stenographer assigned to Judge Ivin's courtroom[,]" ***id.***, and thus, should have taken down the *voir dire* proceedings. Ultimately, the letter concludes that the stenographer likely contemporaneously took down the *voir dire* proceeding and subsequently prepared transcripts that were later lost, misfiled or taken. In other words, the affidavit concludes that in all likelihood the *voir dire* transcripts were prepared and then lost. The affidavit, as Savage alleges, does not suggest that the government intentionally compromised his ability to acquire the *voir dire* sheets or lied to him. Additionally, Savage has failed to show that the *voir dire* sheets are an underlying source of a newly-discovered fact. ***See Commonwealth v. Edmiston***, 65 A.3d 339, 352 (Pa. 2013) (to constitute "facts" which were unknown to petitioner and could not have been ascertained by the exercise of due diligence, the information must not be facts that were previously known but are now presented through newly-discovered source). The affidavit is not newly-discovered evidence, but rather, newly-created evidence that confirms a previously known fact (i.e., that the *voir dire* transcripts were likely lost).

Second, Savage argues that the *voir dire* sheets from his *voir dire* proceeding constitute newly-discovered evidence. However, while Savage's brief compellingly argues why the *voir dire* sheets are, in fact, newly discovered (i.e., they could not have been discovered with due diligence and

are public documents[3]), his brief is devoid of any argument regarding what new evidence the sheets present. Our review of the record and the *voir dire* sheets confirms only what Savage knew at the time of his trial: his jury was composed entirely of white jurors.

In light of the foregoing, the PCRA court lacked jurisdiction to consider Savage's petition. Having discerned no error of law by the trial court, we conclude that the trial court was correct in determining that it is without jurisdiction to entertain Savage's PCRA claims.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/21/18

---

[3] *See Commonwealth v. Burton*, 158 A.3d 618 (Pa. 2017).